FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE R. SPENCER,<br><br>    Plaintiff,<br><br>    v.<br><br>GERALD LEWIS; GEORGE MENINICK, SR.; CHARLENE TILLEQUOTS; CHRISTOPHER WALLAHEE; TERRY HEEMSAH, SR.; JEREMEY TAKALA; RUTH JIM; DELAND OLNEY; TERRY GOUDY-RAMBLER; PHILIP RIGDON; TAMARA SALUSKIN; RONNA WASHINES; TED STRONG; ALYSSA BUCK-WRIGHT; TUCELIA PALMER; MARY WAHPAT, and ANTHONY GEORGE JR.,<br><br>    Defendants. | No. 2:22-CV-00297-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE** |

    Before the Court are Defendants' Motion to Dismiss, ECF No. 19 and Plaintiff's Motion to Strike, ECF No. 21. Defendants are represented by Ethan A. Jones and Marcus Shirzad. Plaintiff is representing himself. The motions were heard without oral argument.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 1**

Plaintiff filed this civil action on November 28, 2022. ECF No. 1. The Court granted Defendants' Motion to Dismiss, but granted Plaintiff leave to file an Amended Complaint. Plaintiff filed his Amended Complaint on May 8, 2023. ECF No. 17.

Plaintiff is suing various Yakama Nation Tribal Council members and Yakama Nation Judges. He asserts these individuals have violated his fundamental rights under the Fifth and Fourteenth Amendment, Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Indian Civil Rights Act, the Indian Child Welfare Act, his right to parental association, his right to equal protection under the laws, and his right to malicious and illegal court actions.

Defendants move to dismiss Plaintiff's Amended Complaint with prejudice for lack of subject matter jurisdiction. In the alternative, they assert Plaintiff's Amended Complaint lacks a cognizable legal theory or sufficient facts to support a plausible claim for relief.

**Motion Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal if the plaintiff's complaint fails to sufficiently allege federal subject matter jurisdiction.[1] However, "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" and are permitted only when the claim is "patently without merit." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A jurisdictional determination is intertwined with the merits of a case when a statute provides the basis for both subject-matter jurisdiction and the plaintiff's substantive claim for relief. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004).

---

[1] Federal Rule 12(h)(3) states: If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 2**

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

### Plaintiff's Complaint

The following facts are viewed in the light most favorable to Plaintiff, the non-moving party.

In August 2021, Plaintiff filed a Petition in Spokane County Superior Court for joint custody of his children. Plaintiff subsequently discovered that the Yakama Nation tribal court has issued court actions back to July 2018.

Around July 11, 2018, Crystal Buck, Plaintiff's partner, was arrested and found guilty of Fourth Degree Assault against Plaintiff. A No Contact restraining order was issued against Defendant. Between July 12-18, 2018, Ms. Buck violated the domestic violation by taking their children.

On July 16, 2018, Yakama Nation Judge Ted Strong awarded Ms. Buck temporary custody for 90 days. Plaintiff asserts that Judge Strong was not an active and practicing judge in the Yakama Nation tribal court system.

Plaintiff alleges that he never received any notices of petitions, hearings, or orders. He asserts his children are not enrolled, and he and Ms. Buck do not live within the boundaries of the Yakama Reservation.

 Yakama Nation judges continued to issue orders that were based on false and incorrect facts and continued to hold hearing where Plaintiff was not giving notice.

Ms. Buck moved out of the residence she shared with Plaintiff on April 11, 2021. Ms. Buck had been residing with Plaintiff continuously during the entire period she was filing court cases and receiving judgments in Yakama Nation court, and she knowingly violated the orders. Notably, Plaintiff and Ms. Buck had a third

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 3**

child during this time.

On April 30, 2021, Yakama Judge Mary Wahpat had *ex parte* communications with Ms. Buck. On July 21, 2021, a custody trial was held in Yakama Nation tribal court. Plaintiff was present. Custody was awarded to Ms. Buck.

Plaintiff appealed that decision and submitted grievances to the Yakama Nation tribal court. He also spoke to the executive members of the Yakama Tribal Council. They did not respond, ignored him, and have not addressed any of his complaints.

Plaintiff is seeking the following relief: (1) declaratory relief that the Yakama Nation does not have jurisdiction over his matters; (2) declaratory relief that Plaintiff was not properly service; and (3) injunctive relief that prevents the Yakama Nation courts from interfering with Plaintiff's pursuit of his parental rights. Plaintiff is asking that all cases in the Yakama Tribal court be dismissed with prejudice. He is seeking $3,000,000 in damages for emotional pain and suffering.

### Applicable Law

Suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation. *Okla. Tax. Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991). Tribal sovereign immunity may be forfeited if the Tribe fails to assert it. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 907 (9th Cir. 2021). That said, although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle for invoking sovereign immunity from suit. *Id.* (quotation omitted). Consequently, when a defendant timely and successfully invokes tribal sovereign immunity, the court lacks subject matter jurisdiction. *Id.* at 908. On the other hand, tribal sovereign immunity does not bar actions for damages against individual tribal employees and tribal agents in their personal

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 4**

capacities. *Id*.

A suit against a governmental official may be a suit against the sovereign, but not always. In such contexts, courts look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. *Id*. (quotation omitted). The critical question is whether the remedy sought is truly against the sovereign. *Id*. (quotation omitted). An official-capacity claim, although nominally against the official, "in fact is against the official's office and thus the sovereign itself." *Id*. Because the relief requested effectively runs against the sovereign, the sovereign is the real party in interest, and sovereign immunity may be an available defense. *Id*.

Suits against officials in their personal capacities are different. In those cases, the plaintiff seeks to impose individual liability upon a government officer for actions taken under color of law. *Id*. (quotation omitted). There, the real party in interest is the individual, not the sovereign. *Id*. In that case, although the defendants may be able to assert personal immunity defenses, sovereign immunity does not bar the suit. *Id*. (quotation omitted)

Tribal judges are afforded absolute judicial immunity. *Id*.at 914. Judicial immunity does not apply in two circumstances: (1) a judge is not immune from liability for nonjudicial actions; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id*. (quotation omitted).

**Discussion**

Here, all Defendants are afforded sovereign immunity or absolute immunity from this suit. The real party in interest is the Yakama Tribe. Plaintiff is asking that all the cases involving him in Yakama Tribal Court be dismissed. Such relief will operate against the Yakama Tribe and not the individually-named Defendants. Second, based on the allegations in the Complaint, it is clear Plaintiff is suing the Tribal Council members in their official capacity, and as such, tribal sovereign

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 5**

immunity bars the suit. Finally, the tribal judges are afforded absolute immunity. Plaintiff has not alleged facts to support any exceptions to the absolute immunity doctrine.

Based on the doctrines of sovereign and absolute immunity, the Court does not have subject matter jurisdiction over Plaintiff's Amended Complaint. As such, dismissal is proper, with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 19, is **GRANTED**.

2. For docket purposes only, Plaintiff's Motion to Strike, ECF No. 21, is **DENIED**, as moot.

**IT IS SO ORDERED.** The Clerk of the Court is hereby directed to file this Order, provide copies to counsel and *pro se* Plaintiff, and **close** the file.

**DATED** this 31st day of October 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; CLOSING FILE ~ 6**